IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Power Concepts, LLC, ) | | |
| ) | C/A No.: 8:14-cv-00351-GRA | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| PowerSecure, Inc., EfficientLights, LLC, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

Currently pending before this Court are Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion to Stay Proceedings and Plaintiff's Motion for Leave to Amend Complaint and to Add Party Plaintiffs. ECF Nos. 32 & 40. After a thorough review of the filings, this Court GRANTS Plaintiff's Motion, and DENIES Defendants' Motion as MOOT.

## **Background**

Power Concepts, LLC ("Power Concepts") filed its original complaint in this Court on February 7, 2014 against PowerSecure, Inc. ("PowerSecure") and PowerSecure International, Inc.. ECF No. 1. PowerSecure, Inc. and PowerSecure International, Inc. filed separate motions to dismiss on April 18, 2014. ECF Nos. 9 & 10. Plaintiff submitted an Amended Complaint on April 30, 2014 replacing PowerSecure International, Inc. with EfficientLights, LLC ("EfficientLights"), a subsidiary of Defendant PowerSecure, Inc. ECF No. 18. The parties stipulated that the filing of the Amended Complaint superseded the original complaint, mooting Defendants' respective motions to dismiss the original complaint. ECF No. 22-1.

Defendants PowerSecure, Inc. and EfficientLights, LLC filed the current Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion to Stay Proceedings on June 2, 2014.  ECF No. 32.  Defendants assert that a pending state court action, also filed by Defendants on June 2, 2014, "will better settle the controversy among the parties to [this] declaratory judgment action, as well as additional parties."  ECF No. 32-1.  For that reason, Defendants believe that this Court should dismiss Plaintiff's declaratory judgment action, or alternatively, "stay [federal] proceedings pending resolution" of the state court action.  ECF No. 32.  Plaintiff responded in opposition on June 18, 2014.  ECF No. 42.  On June 27, 2014, Defendants replied in support of their motion.  ECF No. 46.

Plaintiff filed the current Motion for Leave to Amend Complaint and to Add Party Plaintiffs on June 16, 2014.  ECF No. 40.  Plaintiff's Motion seeks to file an amended complaint which would add three party plaintiffs:  David A. Lowery, owner of Plaintiff limited liability company; Sourcetech, LLC, "a separate company owned by the owner of Plaintiff"; and John Bryan Beatenbough, former President of Efficientlights.  *Id.*  All three proposed plaintiffs are named in Defendants' state court action, and Plaintiff's proposals provide additional background information regarding the roles of these parties in the dispute.  *Id.*  Subject matter jurisdiction based upon diversity would still exist, because "[a]ll of the newly proposed party plaintiffs are South Carolina citizens."  *Id.*  Defendants responded in opposition to Plaintiff's Motion on July 3, 2014.  ECF No. 49.  On July 14, 2014, Plaintiff replied in support of its Motion.  ECF No. 53.

## **Standard of Review**

Given the current procedural posture of this case, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  This rule grants this Court some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The United States Court of Appeals for the Fourth Circuit has reaffirmed "the general policy embodied in the Federal Rules favoring resolution of cases on their merits" and focused on "prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Foman*, 371 U.S. at 182), *cert. dismissed*, 448 U.S. 911 (1980); *Rambus, Inc. v. Infineon Tech., AG*, 304 F. Supp.2d 812, 819 (E.D. Va. 2004) ("Courts generally favor the 'resolution of cases on their merits'" meaning that "the substantive merits of a proposed claim are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment . . . or for resolution at trial." (quoting *Piper Aircraft Corp.*, 615 F.2d at 613)).  Furthermore, the United States Court of Appeals for the Fourth Circuit, "in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," guided its district courts on this issue by explaining that it is the policy of our Circuit "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).

Denial of a motion to amend based on futility should occur only "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards . . . —that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (internal citations omitted); *see United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.").

## Discussion

**I.     Motion for Leave to Amend Complaint and to Add Party Plaintiffs**

Defendants offer four reasons as to why this Court should deny Plaintiff's proposed Second Amended Complaint for bad faith. ECF No. 49. First, Defendants argue that "Plaintiff's proposed Second Amended Complaint is a further attempt to abuse the Declaratory Judgment Act." *Id.* at 4. Second, Defendants argue that "Plaintiff has provided no rationale as to why Rule 19 requires joinder of the Additional Parties." *Id.* at 9. Third, Defendants argue that this Court should deny Plaintiff's Motion "because Plaintiff knew or should have known about the Additional Parties and related allegations when it filed both of its prior complaints and because Plaintiff merely seeks to amend now as an attempt to circumvent a dispositive

motion." *Id.* Finally, Defendants argue that denial of Plaintiff's Motion is appropriate "because Plaintiff's sole rationale for its Motion to Amend—i.e. that federal court is more appropriate for the resolution of this dispute because South Carolina state courts do not operate at the same speed as federal courts—is unsupported by statistics." *Id.* at 14.

Plaintiff argues its Motion to Amend is "timely and proper." ECF No. 53 at 5. In addition, Plaintiff suggests that its request to "add additional parties is a direct response to [Defendants'] allegations that the additional parties and claims are required for a complete resolution of the case." *Id.* at 9.

After a thorough review of the record, this Court finds that the proposed amendment is not "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. Accordingly, this Court finds that judicial economy and justice support its decision to grant Plaintiff's Motion.

## II.     Motion to Dismiss Plaintiff's Amended Complaint

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint. *See Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (explaining that an "amended complaint renders the defendants' pending motions to dismiss that are related to the superseded complaint as moot."). Accordingly, this Court's decision to allow Plaintiff to amend its complaint renders Defendants' Motion to Dismiss Plaintiff's Amended

Complaint, or in the Alternative, Motion to Stay Proceedings moot.  If the Defendants believe that defects remain in the Second Amended Complaint, they may file motions to dismiss addressing the Second Amended Complaint within the time frame allotted by the Federal Rules of Civil Procedure.[1]

## Conclusion

Accordingly, after a review of the record in this case, this Court grants Plaintiff's Motion to Amend and denies Defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and to Add Party Plaintiffs is GRANTED.  Plaintiff shall file its Second Amended Complaint in substantially the same form as Exhibit A to their instant Motion by July 25, 2014.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, Motion to Stay Proceedings is DENIED as MOOT.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  18 , 2014
Anderson, South Carolina

---

[1] "If some of the defects raised in the original motion remain in the new pleading, the court simply *may* consider the motion as being addressed to the amended pleading.  To hold otherwise would be to exalt form over substance."  6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) (emphasis added).  However, as Plaintiff sought leave to amend its complaint in an attempt to remedy the defects that were the basis of Defendants' Motion, and because the Federal Rules of Civil Procedure allots sufficient time for the Defendants to file a motion to dismiss based on the Second Amended Complaint, this Court will apply the general rule that a timely filed amended pleading supersedes the original pleading.