IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Power Concepts, LLC, Sourcetech, LLC, David D. Lowery, and John Bryan Beatenbough, <br>      Plaintiffs, <br><br> v. <br><br> PowerSecure, Inc. and EfficientLights, LLC, <br><br>      Defendants. | C/A No.: 8:14-cv-00351-GRA <br><br> **ORDER** <br> (Written Opinion) |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint or, In the Alternative, Motion to Stay Proceedings. ECF No. 63. For the reasons set forth below, Defendants' Motion is DENIED.

## **BACKGROUND**

Power Concepts, LLC ("Power Concepts") filed a Declaratory Judgment Action in this Court on February 7, 2014 against PowerSecure, Inc. ("PowerSecure") and PowerSecure International, Inc., Powersecure's parent-hodling company. The Plaintiff sought a declaration that "PowerSecure holds no proprietary rights in the LED products that Power Concepts has manufactured and sold for the last six years, and presently seeks to continue to manufacture and sell," and that "Power Concepts is at liberty to, and there are no legal impediments to, continue to manufacture and sell its LED products on the open market." ECF No. 1. PowerSecure, Inc. and PowerSecure International, Inc. filed separate motions to dismiss on April 18, 2014.

Page 1 of 8

ECF Nos. 9 & 10.  Plaintiff submitted an Amended Complaint on April 30, 2014, replacing PowerSecure International, Inc. with EfficientLights, LLC ("EfficientLights"), a subsidiary of Defendant PowerSecure, Inc.  ECF No. 18.  The parties stipulated that the filing of the Amended Complaint superseded the original complaint, mooting Defendants' respective motions to dismiss the original complaint.  ECF No. 22-1.

Defendants PowerSecure, Inc. and EfficientLights, LLC filed another Motion to Dismiss Plaintiff's Amended Complaint or, In the Alternative, Motion to Stay Proceedings on June 2, 2014.  ECF No. 32.  Plaintiff filed a Motion for Leave to Amend Complaint and to Add Party Plaintiffs on June 16, 2014.  ECF No. 40.  Plaintiff's Motion sought to add three party plaintiffs:  David A. Lowery, Owner of Power Concepts; Sourcetech, LLC, "a separate company owned by the owner of Plaintiff"; and John Bryan Beatenbough, former President of EfficientLights.  *Id.*  All three Plaintiffs are named in a state court action brought by Defendants.  *Id.*  This Court granted the Motion for Leave to Amend Complaint and denied Defendants' Motion to Dismiss as moot on July 18, 2014.  ECF No. 57.

Power Concepts filed its Second Amended Complaint, adding the three party Plaintiffs, on July 21, 2014.  ECF No. 59.  This Amended Complaint again seeks a declaration that "PowerSecure holds no proprietary rights in the LED products that Power Concepts has manufactured and sold for the last six years, and presently seeks to continue to manufacture and sell" and that "Power Concepts is at liberty to, and there are no legal impediments to, continue to manufacture and sell its LED products on the open market."  In addition, the Amended Complaint seeks a

declaration that "Beatenbough has not breached the purchase agreement, nor violated any duties to his former employer." ECF No. 59.

Defendants filed the current Motion to Dismiss on August 6, 2014. ECF No. 63. Defendants assert that a South Carolina state court proceeding that was filed on June 2, 2014, the same day that Defendants brought the Motion to Dismiss the First Amended Complaint, will better settle the entire controversy among the parties. ECF No. 63-1. Defendants argue that "even with the addition of three new parties and additional factual allegations, by the admission of Plaintiffs' Counsel, the Declaratory Judgment Action still will not resolve the entire controversy among the parties to this case." *Id.* Defendants assert that the state court proceeding is "the *first-filed* proceeding to address the *entire* dispute between the parties," as the Second Amended Complaint adds the additional defendants from the state court proceeding and "some, *but not all*, of the issues raised." *Id.* Plaintiffs responded in opposition to Defendants' Motion on August 21, 2014. ECF No. 66. Defendants replied in support of their Motion to Dismiss on August 28, 2014. ECF No. 69.

## **STANDARD OF REVIEW**

The Federal Declaratory Judgment Act provides that this Court "may declare the rights and other legal relations of an interested party seeking such declaration." 28 U.S.C. § 2201(a). When deciding whether to exercise jurisdiction under this Act, this Court must consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence

of "overlapping issues of fact or law"; and (iv) whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

## DISCUSSION

### 1. State's Interest in Deciding the Matter

Defendants argue that the "first *Nautilus* factor weighs in favor of abstention because a decision concerning Plaintiffs' requested declaration would require the Court to resolve close and unsettled issues of South Carolina law." ECF No. 63-1 at 8. They support this argument with language from *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992), that says that a state's interest in deciding a controversy is even greater where "the issues of state law are close." *Id.* Defendants point specifically to the South Carolina case law surrounding "whether a fiduciary duty exist[s]" and claim it is "very close" and "complicated." *Id.* at 9.

The Fourth Circuit, however, has "consistently followed the rule that the state's interest, while important, is diminished if the state-law issues are not novel, unsettled, difficult, complex, or otherwise problematic." *First Fin. Ins. Co. v. Crossroads Lounge, Inc.*, 140 F. Supp. 2d 686, 695 (S.D.W. Va. 2001). This Court is not persuaded that a relatively ordinary legal concept, such as determining whether a fiduciary duty exists, is what the Fourth Circuit had in mind when it said "novel, unsettled, difficult, complex, or otherwise problematic" issues. *Id.* Further, this Court equates the difficulty level in the finding of a fiduciary duty with the difficulty level of issues such as agency and contract interpretation, both of which were called

"standard ones" by the Fourth Circuit.  *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998).

## 2. Efficiency

This Court will be more efficient in dealing with this matter because of the wide-reaching effect that a judgment on the Prayer for Relief in the Plaintiffs' Second Amended Complaint would have.  In *Mitcheson*, the court said "it makes no sense as a matter of judicial economy for a federal court to entertain a declaratory action when the result would be to 'try a controversy by piecemeal, or to try particular issues without settling the entire controversy.'"  *Mitcheson,* 955 F.2d at 239.  The Defendants rely heavily on this *Mitcheson* language in making their argument that the Declaratory Judgment Action will not settle all the aspects of the legal controversy between the parties.  ECF No. 63-1 at 10-11.  In so arguing, however, the Defendants are missing the fact that "try[ing] the particular issues" in this Declaratory Judgment Action would "settl[e] the entire controversy." *Id.*  The fact that each smaller issue presented in the state court action is not individually presented in the federal case is inconsequential, because a judgment on the larger issues presented in the federal case inherently resolve all the smaller state court issues.[1]  In other words, all of the state court issues are included in the federal case issues.

---

[1] For example, Defendants' Ninth Cause of Action in the state court proceeding states in part that Plaintiffs conduct constitutes unfair competition by using Defendants confidential information to manufacture and sell products.  ECF No. 32-2 at 58.   This state court action will be sufficiently addressed if this Court passes judgment on whether "PowerSecure holds no proprietary rights in the LED products that Power Concepts has manufactured," as requested in the Prayer for Relief in Plaintiffs' Second Amended Complaint.  ECF No. 59 at 12.

### 3. Risk of Unnecessary Entanglement

Any "unnecessary "entanglement" between the federal and state court systems" will be avoided if this federal action is permitted to go forward. *Poston*, 88 F.3d at 257. Both parties have admitted that these cases involve "overlapping issues of fact or law." ECF Nos. 63-1 & 66. Further, as discussed in the above section of this Order, the state action and federal action essentially address the same claims. Despite the commonality of issues between the two actions, "it is possible that the state court will dismiss or stay that action upon learning of this Court's decision to exercise jurisdiction over the declaratory judgment action, thereby avoiding any entanglement." *Admiral Ins. Co. v. Independence Coal Co.*, CIV A 206-00646, 2007 WL 1575011 at *6 (S.D.W. Va. May 30, 2007).

### 4. Presence of Procedural Fencing

The Declaratory Judgment Action is not being used as a device for procedural fencing. The Fourth Circuit has defined "procedural fencing" to include the use of a declaratory judgment action "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (internal quotation marks omitted). Although the Defendants argue that this "Declaratory Judgment Action is nothing more than an attempt to provide another forum in a race for res judicata," the facts prove that not to be true. There is no evidence that the Plaintiffs "raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." *Id.* at 380. Instead, this is a case in which the Plaintiffs responded prudently when allegations of illegal and

unlawful acts that were directly related to their main source of revenue began to surface. ECF No. 59 at 6. The Fourth Circuit has previously stated that the purpose of a declaratory judgment action is exactly this situation, by stating that "[t]he declaratory judgment action allows the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings." *Kapiloff*, 155 F.3d at 494.[2] Further, the Court has held that filing a declaratory judgment action in response to a threat of a lawsuit is not an attempt "to shop for a more favorable forum." *Travelers Home & Marine Ins. Co. v. Pope*, CA 0:10-1688-JFA, 2010 WL 4607024 at *4 (D.S.C. Nov. 3, 2010).

## Conclusion

After a review of the filings submitted by both parties in this case, and a review of the *Nautilus* factors as they relate to this case, this Court finds it appropriate to exercise its discretion and retain jurisdiction of the instant action.

---

[2] *See also* Poston, 88 F.3d at 256 (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324, 325 (4th Cir. 1937)) ("[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'")

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint or, In the Alternative, Motion to Stay Proceedings is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 8, 2014
Anderson, South Carolina